**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC and | ) | |
| INTELLECTUAL VENTURES II LLC, | ) | |
| | ) | |
| *Plaintiffs*, | ) | C.A. No. 2:23-cv-523 |
| | ) | |
| v. | ) | |
| | ) | |
| JP MORGAN CHASE & CO. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| *Defendant*. | ) | |
| | ) | |
| | ) | |
| | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively, "Intellectual Ventures" or "Plaintiffs"), in their Complaint of patent infringement against Defendant JP Morgan Chase & Co. ("Chase" or "Defendant"), hereby allege as follows:

## NATURE OF THE ACTION

1.      This is a civil action for the infringement of United States Patent No. 8,332,844 (the "'844 Patent"), United States Patent No. 8,407,722 (the "'722 Patent"), United States Patent No. 7,280,998 (the "'998 Patent"), United States Patent No. 7,712,080 (the "'080 Patent"), United States Patent No. 7,314,167 (the "'167 Patent"), and United States Patent No. 7,949,785 (the "'785 Patent") (collectively, the "Patents-in-Suit") under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

## THE PARTIES

### Intellectual Ventures

2.      Plaintiff Intellectual Ventures I LLC ("Intellectual Ventures I") is a Delaware limited liability company having its principal place of business located at 3150 139th Avenue SE, Bellevue, Washington 98005.

3.      Plaintiff Intellectual Ventures II LLC ("Intellectual Ventures II") is a Delaware limited liability company having its principal place of business located at 3150 139th Avenue SE, Bellevue, Washington 98005.

4.      Intellectual Ventures I is the owner of all rights, title, and interest in and to the '722, '080, and '785 Patents.

5.      Intellectual Ventures II is the owner of all rights, title, and interest in and to the '844, '998, and '167 Patents.

## JP MORGAN CHASE

6.      Upon information and belief, Defendant is a corporation organized and existing under the laws of Delaware with a principal place of business at 383 Madison Ave, New York, New York 10017.   On information and belief, Chase does business itself, or through its subsidiaries, affiliates, and/or agents, in the State of Texas and the Eastern District of Texas.

7.      Upon information and belief, Chase utilizes, services, tests, distributes, and/or offers in the State of Texas and the Eastern District of Texas financial services and technologies ("Accused Systems and Services") thereof that infringe the Patents-in-Suit, contributes to the infringement by others, and/or induces others to commit acts of patent infringement in the State of Texas and the Eastern District of Texas.

8.     Chase has regular and established places of business, at which it has committed acts of infringement and placed the Accused Systems and Services into the stream of commerce, throughout the State of Texas and the Eastern District of Texas. For example, Chase maintains its Regional Headquarters, located at 8181 Communications Pkwy, Plano, TX 75024 ("Chase Plano HQ").[1] Chase also maintains numerous branch offices throughout this District including at least: (1) Chase Branch Marshall located at 112 W. Austin Street, Marshall, TX 75670; (2) Chase Branch Judson located at 2606 Judson Road, Longview, TX 75605; (3) Chase Branch Gilmer Road located at 1720 W. Loop 281, Longview, TX, 75604; (4) Chase Branch Troup Hwy located at 5085 Troup Highway, Tyler, TX 75707; (5) Chase Branch Southtown located at 6825 S. Broadway Avenue, Tyler, TX 75703; (6) Chase Branch Tyler located at 100 Independence Place, Tyler, TX 75703; and (7) Chase Branch Hwy 64 located at 140 S. Southwest Loop 323, Tyler, TX 75702 (collectively, "Chase Branches").

9.     Upon information and belief, the Chase Plano HQ in this District is a regular, continuous, and established physical place of business of Chase, being established, ratified, and/or controlled by Chase as a regional headquarters, which is a place of business at which Chase utilizes, services, tests, distributes, and/or offers the Accused Systems and Services.

10.     Upon information and belief, Chase ratifies and holds Chase Plano HQ out as a regular and established place of business of Chase in this District as a "Key Global Technology Center for JP Morgan Chase" with more than 3,000 technologists, including software engineers

---

[1] https://officesnapshots.com/2018/12/03/jpmorgan-chase-regional-headquarters-plano/ ("JPMorgan Chase has consolidated five Dallas locations into one expansive technology headquarters campus with world-class amenities catered to their diverse and tech-centric demographic.")(last accessed November 13, 2023).

and developers specializing in critical areas like cybersecurity, artificial intelligence and machine learning, data analytics, digital, cloud and general engineering capabilities.[2]

11.   Upon information and belief, Chase ratifies and holds Chase Plano HQ out as a regular and established place of business of Chase in this District with numerous technology job openings in Plano, Texas.[34] Specifically, for example, Chase currently holds job openings related to Docker systems[5], job openings related to Kafka systems[6], and job openings related to Spark systems[7] in Plano, Texas.

12.   Upon information and belief, the Chase Branches in this District are regular, continuous, and established physical places of business of Chase, being established, ratified, and/or controlled by Chase as authorized branches, which are places of business at which Chase utilizes, services, tests, distributes, and/or offers the Accused Systems and Services.

---

[2] https://www.jpmorganchase.com/news-stories/dallas-global-tech-center (last accessed November 13, 2023).

[3] https://jpmc.fa.oraclecloud.com/hcmUI/CandidateExperience/en/sites/CX_1001/requisitions?keyword=Technology&location=Plano%2C+TX%2C+United+States&locationId=300000020709331&locationLevel=city&mode=location&radius=25&radiusUnit=MI (last accessed November 13, 2023).

[4] https://jpmc.fa.oraclecloud.com/hcmUI/CandidateExperience/en/sites/CX_1001/requisitions?keyword=data&location=Plano%2C+TX%2C+United+States&locationId=300000020709331&locationLevel=city&mode=location&radius=25&radiusUnit=MI (last accessed November 13, 2023).

[5] https://jpmc.fa.oraclecloud.com/hcmUI/CandidateExperience/en/sites/CX_1001/requisitions?keyword=docker&location=Plano%2C+TX%2C+United+States&locationId=300000020709331&locationLevel=city&mode=location&radius=10&radiusUnit=MI (last accessed November 13, 2023).

[6] https://jpmc.fa.oraclecloud.com/hcmUI/CandidateExperience/en/sites/CX_1001/requisitions?keyword=kafka&location=Plano%2C+TX%2C+United+States&locationId=300000020709331&locationLevel=city&mode=location&radius=10&radiusUnit=MI (last accessed November 13, 2023).

[7] https://jpmc.fa.oraclecloud.com/hcmUI/CandidateExperience/en/sites/CX_1001/requisitions?keyword=spark&location=Plano%2C+TX%2C+United+States&locationId=300000020709331&locationLevel=city&mode=location&radius=10&radiusUnit=MI (last accessed November 13, 2023).

13.     Upon information and belief, Chase further ratifies and holds its Chase Branches out as regular, continuous, and established places of business of Chase in this District by recruiting, hiring, training, offering compensation and benefits to, controlling, and/or labeling as authorized or certified Chase employees and agents some or all of the employees or agents employed in this District, including for example, Chase engineers and Chase technicians.

14.     Upon information and belief, Chase ratifies and holds Chase Branches out as regular and established places of business of Chase in this District by listing it in "Chase's Plano, Texas branches and ATM locations" on Chase's website, including, *e.g.*, as shown below[8]:



---

[8] https://locator.chase.com/tx/plano (last accessed November 13, 2023).

15.     Upon information and belief, Chase further ratifies and holds these Chase Branches out as regular and established places of business of Chase in this District by offering financial services that utilize the Accused Systems and Services at the physical, geographical location of these Chase Branches, including, *e.g.*, as shown below[9]:



16.     Upon information and belief, Chase further ratifies and holds these Chase Branches out as regular and established places of business of Chase in this District by recruiting, hiring, training, offering compensation and benefits to, controlling, and/or labeling as authorized or

---

[9]   https://locator.chase.com/tx/plano/161-w-spring-creek-pkwy (last accessed November 13, 2023).

certified Chase employees and agents some or all of the employees or agents employed in this District by these Chase Branches, including for example, Chase Certified Brand Advisors and Chase Certified Service Advisors.

17.    Upon information and belief, Chase further ratifies and holds these Chase Branches out as regular and established places of business of Chase by providing them with promotions and sharing customer data with these Chase Branches to offer customized Chase services.

18.    Upon information and belief, Chase has established, ratified, and holds these Chase Branches out as regular and established places of business of Chase by directing and controlling these Chase Branches' actions and services in the foregoing manner, and has consented to these Chase Branches acting on Chase's behalf and being Chase's place of business whereby the Accused Systems and Services are utilized, serviced, tested, distributed and/or offered in order to place the Accused Systems and Services into the stream of commerce in this District, and these Chase Branches have consented to act on Chase's behalf pursuant to the foregoing terms of control and direction in order to be able to offer financial services that utilize the Accused Systems and Services.

## JURISDICTION AND VENUE

19.    This is an action for patent infringement arising under the patent laws of the United States.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

20.    This Court has personal jurisdiction over Chase because Chase conducts business in and has committed acts of patent infringement, contributed to infringement by others, and/or induced others to commit acts of patent infringement in this District, the State of Texas, and elsewhere in the United States and has established minimum contacts with this forum state such that the exercise of jurisdiction over Chase would not offend the traditional notions of fair play

and substantial justice.  Upon information and belief, Chase transacts substantial business with entities and individuals in the State of Texas and the Eastern District of Texas, by among other things, utilizing, servicing, testing, distributing, and/or offering systems and services that infringe the Patents-in-Suit, including the Accused Systems and Services thereof that Chase purposefully directs into the State of Texas and this District as alleged herein, as well as by providing service and support to its partners, vendors, customers, and/or third parties in this District. Chase places the Accused Systems and Services thereof into the stream of commerce via authorized and established distribution channels with the knowledge and expectation that they will be utilized, serviced, tested, distributed, and/or offered in the State of Texas, including this District.

21.     Chase is subject to this Court's general and specific jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to Chase's substantial business in the State of Texas and this District, including through its past infringing activities, because Chase regularly does and solicits business herein, and/or because Chase has engaged in persistent conduct and/or has derived substantial revenues from utilizing, servicing, testing, distributing, and/or offering the Accused Systems and Services in the State of Texas and this District.

22.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because Chase has committed acts of infringement in this District and maintains numerous regular and established places of business in this District.

**FACTUAL BACKGROUND**

23.     Intellectual Ventures Management, LLC ("Intellectual Ventures Management") was founded in 2000.  Since then, Intellectual Ventures Management has been involved in the business of inventing.  Intellectual Ventures Management facilitates invention by inventors and the filing of patent applications for those inventions, collaborations with others to develop and

patent inventions, and the acquisition and licensing of patents from individual inventors, universities, corporations, and other institutions.  A significant aspect of Intellectual Ventures Management's business is managing the plaintiffs in this case, Intellectual Ventures I and Intellectual Ventures II.

24.     One of the founders of Intellectual Ventures Management is Nathan Myhrvold, who worked at Microsoft from 1986 until 2000 in a variety of executive positions, culminating in his appointment as the company's first Chief Technology Officer in 1996.  While at Microsoft, Dr. Myhrvold founded Microsoft Research in 1991 and was one of the world's foremost software experts.  Between 1986 and 2000, Microsoft became the world's largest technology company.

25.     Under Dr. Myhrvold's leadership, Intellectual Ventures acquired more than 70,000 patents covering many inventions important to financial institutions.

26.     Chase offers several types of financial systems and services to its partners, vendors, customers, and/or third-parties. Specifically, Chase utilizes, services, offers, distributes, and/or offers systems and services, including but not limited to:  Docker, Kafka, and Spark systems. These systems and services are used by various financial systems and services managed by Chase to enable the financial products and services it offers to its customers. Chase uses, services, distributes, and/or offers these financial systems and services throughout the world, including in the United States and Texas.

## THE PATENTS-IN-SUIT

*U.S. Patent No. 8,332,844*

27.     On December 11, 2012, the PTO issued the '844 Patent, titled "Root Image Caching and Indexing for Block-Level Distributed Application Management."  The '844 Patent is valid and enforceable.  A copy of the '844 Patent is attached as Exhibit 1.

28.     Intellectual Ventures II is the owner of all rights, title, and interest in and to the '844 Patent, and holds all substantial rights therein, including the right to grant licenses, to exclude others, and to enforce and recover past damages for infringement of the '844 Patent.

***U.S. Patent No. 8,407,722***

29.     On March 26, 2013, the PTO issued the '722 Patent, titled "Asynchronous Messaging Using a Node Specialization Architecture in the Dynamic Routing Network." The '722 Patent is valid and enforceable. A copy of the '722 Patent is attached as Exhibit 2.

30.     Intellectual Ventures I is the owner of all rights, title, and interest in and to the '722 Patent, and holds all substantial rights therein, including the right to grant licenses, to exclude others, and to enforce and recover past damages for infringement of the '722 Patent.

***U.S. Patent No. 7,280,998***

31.     On October 9, 2007, the PTO issued the '998 Patent, titled "Virtual Data Warehousing." The '998 Patent is valid and enforceable. A copy of the '998 Patent is attached as Exhibit 3.

32.     Intellectual Ventures II is the owner of all rights, title, and interest in and to the '998 Patent, and holds all substantial rights therein, including the right to grant licenses, to exclude others, and to enforce and recover past damages for infringement of the '998 Patent.

***U.S. Patent No. 7,712,080***

33.     On May 4, 2010, the PTO issued the '080 Patent, titled "Systems and Methods for Parallel Distributed Programming." The '080 Patent is valid and enforceable. A copy of the '080 Patent is attached as Exhibit 4.

34.     Intellectual Ventures I is the owner of all rights, title, and interest in and to the '080 Patent, and holds all substantial rights therein, including the right to grant licenses, to exclude others, and to enforce and recover past damages for infringement of the '080 Patent.

***U.S. Patent No. 7,314,167***

35.     On January 1, 2008, the PTO issued the '167 Patent, titled "Method and Apparatus for Providing Secure Identification, Verification and Authorization."  The '167 Patent is valid and enforceable.  A copy of the '167 Patent is attached as Exhibit 5.

36.     Intellectual Ventures II is the owner of all rights, title, and interest in and to the '167 Patent, and holds all substantial rights therein, including the right to grant licenses, to exclude others, and to enforce and recover past damages for infringement of the '167 Patent.

***U.S. Patent No. 7,949,785***

37.     On May 24, 2011, the PTO issued the '785 Patent, titled "Secure Virtual Community Network System."  The '785 Patent is valid and enforceable.  A copy of the '785 Patent is attached as Exhibit 6.

38.     Intellectual Ventures I is the owner of all rights, title, and interest in and to the '785 Patent, and holds all substantial rights therein, including the right to grant licenses, to exclude others, and to enforce and recover past damages for infringement of the '785 Patent.

## COUNT I
(Chase's Infringement of U.S. Patent No. 8,332,844)

39.     IV incorporates paragraphs 1 through 38 herein by reference.

40.     **Direct Infringement.** Chase, without authorization or license from IV, has directly infringed, and continues to directly infringe, literally and/or by the doctrine of equivalents, individually and/or jointly, the '844 Patent, by utilizing, servicing, testing, distributing, and/or offering the Accused Systems and Services that infringe the '844 Patent, including but not limited

to at least the Accused Systems and Services identified in the example charts incorporated, per paragraph 49 below, into this Count (collectively, "Example Chase Count I Systems and Services") that infringe at least the exemplary claims of the '844 Patent identified in the charts incorporated into this Count (the "Example '844 Patent Claims") literally or by the doctrine of equivalents.

41.     On information and belief, Chase has also infringed and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '844 Patent Claims, by internal testing and use of the Example Chase Count I Systems and Services.

42.     Chase has known that its infringing systems and services, such as the Example Chase Count I Systems and Services, cannot be used without infringing the technology claimed in the '844 Patent, and are not staple articles of commerce suitable for substantial non-infringing uses.

43.     **Willful Blindness.**  Chase knew of the '844 Patent, or should have known of the '844 Patent, but was willfully blind to its existence. Chase has had actual knowledge of the '844 Patent not later than receipt of a letter, dated November 14, 2023 and received on the same date. By the time of trial, Chase will have known and intended (since receiving such notice) that its continued actions would infringe and actively induce and contribute to the infringement of one or more claims of the '844 Patent. *See* Exhibit 7 (Notice Letter).

44.     **Induced Infringement.** Chase has also contributed to and/or induced, and continues to contribute to and/or induce the infringement of the '844 Patent by contributing to and/or inducing its partners, vendors, and/or third-parties to use its systems and services, such as Example Chase Count I Systems and Services, in an infringing manner as described above, including encouraging and instructing its partners, vendors, and/or third-parties to infringe the '844 Patent.

45.     Chase therefore actively, knowingly, and intentionally has committed, and continue to commit, affirmative acts that cause infringement, literally and/or by the doctrine of equivalents, of one or more claims of the '844 Patent with knowledge of the '844 Patent and knowledge that the induced acts constitute infringement of one or more claims of the '844 Patent.  Chase has actively induced others, including, but not limited to, partners, vendors, and/or third-parties who use the Example Chase Count I Systems and Services to infringe the '844 Patent, literally and/or by the doctrine of equivalents, throughout the United States, including within this District, by, among other things, advertising, promoting, and instructing the infringing use of the Example Chase Count I Systems and Services.

46.     **Contributory Infringement.** Chase actively, knowingly, and intentionally has committed, and continues to commit contributory infringement, literally and/or by the doctrine of equivalents, by, *inter alia,* knowingly providing software and technologies that when used, cause the direct infringement of one or more claims of the '844 Patent by its partners, vendors, and/or third-parties, and which have no substantial non-infringing uses, or include a separate and distinct technology that is especially made or especially adapted for use in infringement of the '844 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

47.     Chase therefore actively, knowingly, and intentionally has been and continues to materially contribute to their partners', vendors', and/or third-parties' infringement of the '844 Patent, literally and/or by the doctrine of equivalents, by utilizing, servicing, testing, distributing, and/or offering the Example Chase Count I Systems and Services for use in a manner that infringes one or more claims of the '844 Patent. Example Chase Count I Systems and Services are especially made or adapted for infringing the '844 Patent and have no substantial non-infringing use.

48.     Exhibit 8 (claim charts) includes the Example Chase Count I Systems and Services and Example '844 Patent Claims. As set forth in these charts, the Example Chase Count I Systems and Services practice the technology claimed by the '844 Patent. Accordingly, the Example Chase Count I Systems and Services incorporated in these charts satisfy all elements of the Example '844 Patent Claims.

49.     IV therefore incorporates by reference in its allegations herein the claim charts of Exhibit 8.

50.     IV is entitled to recover damages adequate to compensate for Chase's infringement of the '844 Patent and will continue to be damaged by such infringement.  IV is entitled to recover damages from Chase to compensate it for Chase's infringement, as alleged above, in an amount measured by no less than a reasonable royalty under 35 U.S.C. § 284, as well as enhanced damages pursuant to 35 U.S.C. § 284.

51.     Further, Chase's infringement of IV's rights under the '844 Patent will continue to damage IV's business, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by the Court.

## COUNT II
(Chase's Infringement of U.S. Patent No. 8,407,722)

52.     IV incorporates paragraphs 1 through 51 herein by reference.

53.     **Direct Infringement.** Chase, without authorization or license from IV, has directly infringed, and continues to directly infringe, literally and/or by the doctrine of equivalents, individually and/or jointly, the '722 Patent, by utilizing, servicing, testing, distributing, and/or offering the Accused Systems and Services that infringe the '772 Patent, including but not limited to at least the Accused Systems and Services identified in the example charts incorporated, per paragraph 62 below, into this Count (collectively, "Example Chase Count II Systems and

Services") that infringe at least the example claims of the '722 Patent identified in the charts incorporated into this Count (the "Example '722 Patent Claims") literally or by the doctrine of equivalents.

54.     On information and belief, Chase has also infringed and continues to directly infringe, literally or under the doctrine of equivalents, the Example '722 Patent Claims, by internal testing and use of the Example Chase Count II Systems and Services.

55.     Chase has known that its infringement systems and services, such as the Example Chase Count II Systems and Services, cannot be used without infringing the technology claimed in the '722 Patent, and are not staple articles of commerce suitable for substantial non-infringing uses.

56.     **Willful Blindness.**  Chase knew of the '722 Patent, or should have known of the '722 Patent, but was willfully blind to its existence. Chase has had actual knowledge of the '722 Patent not later than receipt of a letter, dated November 14, 2023 and received on the same date. By the time of trial, Chase will have known and intended (since receiving such notice) that its continued actions would infringe and actively induce and contribute to the infringement of one or more claims of the '722 Patent. *See* Exhibit 7 (Notice Letter).

57.     **Induced Infringement.** Chase has also contributed to and/or induced, and continues to contribute and/or induce the infringement of the '722 Patent by contributing to and/or inducing its partners, vendors, and/or third-parties to use its systems and services, such as Example Chase Count II Systems and Services, in an infringing manner as described above, including encouraging and instructing its partners, vendors, and/or third-parties to infringe the '722 Patent.

58.     Chase therefore actively, knowingly, and intentionally has committed, and continue to commit, affirmative acts that cause infringement, literally and/or by the doctrine of equivalents,

of one or more claims of the '722 Patent with knowledge of the '722 Patent and knowledge that the induced acts constitute infringement of one or more claims of the '722 Patent. Chase has actively induced others, including, but not limited to, partners, vendors, and/or third-parties who use the Example Chase Count II Systems and Services to infringe the '722 Patent, literally and/or by the doctrine of equivalents, throughout the United States, including within this District, by, among other things, advertising, promoting, and instructing the infringing use of the Example Chase Count II Systems and Services.

59. **Contributory Infringement.** Chase actively, knowingly, and intentionally has committed, and continues to commit contributory infringement, literally and/or by the doctrine of equivalents, by, *inter alia,* knowingly providing software and technologies that when used, cause the direct infringement of one or more claims of the '722 Patent by its partners, vendors, and/or third-parties, and which have no substantial non-infringing uses, or include a separate and distinct technology that is especially made or especially adapted for use in infringement of the '722 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

60. Chase therefore actively, knowingly, and intentionally has been and continues to materially contribute to their partners', vendors', and/or third-parties' infringement of the '722 Patent, literally and/or by the doctrine of equivalents, by utilizing, servicing, offering, testing, distributing and/or offering the Example Chase Count II Systems and Services for use in a manner that infringes one or more claims of the '722 Patent. Example Chase Count II Systems and Services are especially made or adapted for infringing the '722 Patent and have no substantial non-infringing use.

61. Exhibit 9 (claim charts) includes the Example Chase Count II Systems and Services and Example '722 Patent Claims. As set forth in these charts, the Example Chase Count II Systems

and Services practice the technology claimed by the '722 Patent. Accordingly, the Example Chase Count II Systems and Services incorporated in these charts satisfy all elements of the Example '722 Patent Claims.

62.     IV therefore incorporates by reference in its allegations herein the claim charts of Exhibit 9.

63.     IV is entitled to recover damages adequate to compensate for Chase's infringement of the '722 Patent and will continue to be damaged by such infringement. IV is entitled to recover damages from Chase to compensate it for Chase's infringement, as alleged above, in an amount measured by no less than a reasonable royalty under 35 U.S.C. § 284, as well as enhanced damages pursuant to 35 U.S.C. § 284.

64.     Further, Chase's infringement of IV's rights under the '722 Patent will continue to damage IV's business, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by the Court.

## COUNT III
(Chase's Infringement of U.S. Patent No. 7,280,998)

65.     IV incorporates paragraphs 1 through 64 herein by reference.

66.     **Direct Infringement.** Chase, without authorization or license from IV, has directly infringed, and continues to directly infringe, literally and/or by the doctrine of equivalents, individually and/or jointly, the '998 Patent, by utilizing, servicing, testing, distributing, and/or offering the Accused Systems and Services that infringe the '998 Patent, including but not limited to at least the Accused Systems and Services identified in the example charts incorporated, per paragraph 75 below, into this Count (collectively, "Example Chase Count III Systems and Services") that infringe at least the example claims of the '998 Patent identified in the charts

incorporated into this Count (the "Example '998 Patent Claims") literally or by the doctrine of equivalents.

67.     On information and belief, Chase has also infringed and continues to directly infringe, literally or under the doctrine of equivalents, the Example '998 Patent Claims, by internal testing and use of the Example Chase Count III Systems and Services.

68.     Chase has known that its infringement systems and services, such as the Example Chase Count III Systems and Services, cannot be used without infringing the technology claimed in the '998 Patent, and are not staple articles of commerce suitable for substantial non-infringing uses.

69.     **Willful Blindness.**  Chase knew of the '998 Patent, or should have known of the '998 Patent, but was willfully blind to its existence. Chase has had actual knowledge of the '998 Patent not later than receipt of a letter, dated November 14, 2023 and received on the same date. By the time of trial, Chase will have known and intended (since receiving such notice) that its continued actions would infringe and actively induce and contribute to the infringement of one or more claims of the '998 Patent. *See* Exhibit 7 (Notice Letter).

70.     **Induced Infringement.**  Chase has also contributed to and/or induced, and continues to contribute to and/or induce the infringement of the '998 Patent by contributing to and/or inducing its partners, vendors, and/or third-parties to use its systems and services, such as Example Chase Count III Systems and Services, in an infringing manner as described above, including encouraging and instructing its partners, vendors, and/or third-parties to infringe the '998 Patent.

71.     Chase therefore actively, knowingly, and intentionally has committed, and continue to commit, affirmative acts that cause infringement, literally and/or by the doctrine of equivalents,

of one or more claims of the '998 Patent with knowledge of the '998 Patent and knowledge that the induced acts constitute infringement of one or more claims of the '998 Patent. Chase has actively induced others, including, but not limited to, partners, vendors, and/or third-parties, who use the Example Chase Count III Systems and Services to infringe the '998 Patent, literally and/or by the doctrine of equivalents, throughout the United States, including within this District, by, among other things, advertising, promoting, and instructing the infringing use of the Example Chase Count III Systems and Services.

72.    **Contributory Infringement.**   Chase actively, knowingly, and intentionally has committed, and continues to commit contributory infringement, literally and/or by the doctrine of equivalents, by, *inter alia,* knowingly providing software and technologies that when used, cause the direct infringement of one or more claims of the '998 Patent by its partners, vendors, and/or a third-party, and which have no substantial non-infringing uses, or include a separate and distinct technology that is especially made or especially adapted for use in infringement of the '998 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

73.    Chase therefore actively, knowingly, and intentionally has been and continues to materially contribute to their partners, vendors, and/or third-parties' infringement of the '998 Patent, literally and/or by the doctrine of equivalents, by utilizing, servicing, testing, distributing, and/or offering   the Example Chase Count III Systems and Services for use in a manner that infringes one or more claims of the '998 Patent. Example Chase Count III Systems and Services are especially made or adapted for infringing the '998 Patent and have no substantial non-infringing use.

74.    Exhibit 10 (claim charts) includes the Example Chase Count III Systems and Services and Example '998 Patent Claims. As set forth in these charts, the Example Chase Count

III Systems and Services practice the technology claimed by the '998 Patent. Accordingly, the Example Chase Count III Systems and Services incorporated in these charts satisfy all elements of the Example '998 Patent Claims.

75.     IV therefore incorporates by reference in its allegations herein the claim charts of Exhibit 10.

76.     IV is entitled to recover damages adequate to compensate for Chase's infringement of the '998 Patent and will continue to be damaged by such infringement. IV is entitled to recover damages from Chase to compensate it for Chase's infringement, as alleged above, in an amount measured by no less than a reasonable royalty under 35 U.S.C. § 284, as well as enhanced damages pursuant to 35 U.S.C. § 284.

77.     Further, Chase's infringement of IV's rights under the '998 Patent will continue to damage IV's business, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by the Court.

## COUNT IV
(Chase's Infringement of U.S. Patent No. 7,712,080)

78.     IV incorporates paragraphs 1 through 77 herein by reference.

79.     **Direct Infringement.**  Chase, without authorization or license from IV, has directly infringed, and continues to directly infringe, literally and/or by the doctrine of equivalents, individually and/or jointly, the '080 Patent, by utilizing, servicing, testing, distributing, and/or offering the Accused Systems and Services that infringe the '080 Patent, including but not limited to at least the Accused Systems and Services identified in the example charts incorporated, per paragraph 88 below, into this Count (collectively, "Example Chase Count IV Systems and Services") that infringe at least the example claims of the '080 Patent identified in the charts

incorporated into this Count (the "Example '080 Patent Claims") literally or by the doctrine of equivalents.

80.     On information and belief, Chase has also infringed and continues to directly infringe, literally or under the doctrine of equivalents, the Example '080 Patent Claims, by internal testing and use of the Example Chase Count IV Systems and Services.

81.     Chase has known that its infringement systems and services, such as the Example Chase Count IV Systems and Services, cannot be used without infringing the technology claimed in the '080 Patent, and are not staple articles of commerce suitable for substantial non-infringing uses.

82.     **Willful Blindness.**  Chase knew of the '080 Patent, or should have known of the '080 Patent, but was willfully blind to its existence. Chase has had actual knowledge of the '080 Patent not later than receipt of a letter, dated November 14, 2023 and received on the same date. By the time of trial, Chase will have known and intended (since receiving such notice) that its continued actions would infringe and actively induce and contribute to the infringement of one or more claims of the '080 Patent. *See* Exhibit 7 (Notice Letter).

83.     **Induced Infringement.** Chase has also contributed to and/or induced, and continues to contribute to and/or induce the infringement of the '080 Patent by contributing to and/or inducing its partners, vendors, and/or third-parties to use its systems and services, such as Example Chase Count IV Systems and Services, in an infringing manner as described above, including encouraging and instructing its partners, vendors, and/or third-parties to infringe the '080 Patent.

84.     Chase therefore actively, knowingly, and intentionally has committed, and continue to commit, affirmative acts that cause infringement, literally and/or by the doctrine of equivalents,

of one or more claims of the '080 Patent with knowledge of the '080 Patent and knowledge that the induced acts constitute infringement of one or more claims of the '080 Patent. Chase has actively induced others, including, but not limited to, partners, vendors, and/or third-parties who use the Example Chase Count IV Systems and Services to infringe the '080 Patent, literally and/or by the doctrine of equivalents, throughout the United States, including within this District, by, among other things, advertising, promoting, and instructing the infringing use of the Example Chase Count IV Systems and Services.

85.     **Contributory Infringement.**   Chase actively, knowingly, and intentionally has committed, and continues to commit contributory infringement, literally and/or by the doctrine of equivalents, by, *inter alia,* knowingly providing software and technologies that when used, cause the direct infringement of one or more claims of the '080 Patent by its partners, vendors, and/or third-parties, and which have no substantial non-infringing uses, or include a separate and distinct technology that is especially made or especially adapted for use in infringement of the '080 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

86.     Chase therefore actively, knowingly, and intentionally has been and continues to materially contribute to their partners', vendors', and/or third-parties' infringement of the '080 Patent, literally and/or by the doctrine of equivalents, by utilizing, servicing, testing, distributing, and/or offering the  Example Chase Count IV Systems and Services for use in a manner that infringes one or more claims of the '080 Patent. Example Chase Count IV Systems and Services are especially made or adapted for infringing the '080 Patent and have no substantial non-infringing use.

87.     Exhibit 11 (claim charts) includes the Example Chase Count IV Systems and Services and Example '080 Patent Claims. As set forth in these charts, the Example Chase Count

IV Systems and Services practice the technology claimed by the '080 Patent. Accordingly, the Example Chase Count IV Systems and Services incorporated in these charts satisfy all elements of the Example '080 Patent Claims.

88.     IV therefore incorporates by reference in its allegations herein the claim charts of Exhibit 11.

89.     IV is entitled to recover damages adequate to compensate for Chase's infringement of the '080 Patent and will continue to be damaged by such infringement. IV is entitled to recover damages from Chase to compensate it for Chase's infringement, as alleged above, in an amount measured by no less than a reasonable royalty under 35 U.S.C. § 284, as well as enhanced damages pursuant to 35 U.S.C. § 284.

90.     Further, Chase's infringement of IV's rights under the '080 Patent will continue to damage IV's business, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by the Court.

### COUNT V
(Chase's Infringement of U.S. Patent No. 7,314,167)

91.     IV incorporates paragraphs 1 through 90 herein by reference.

92.     **Direct Infringement.** Chase, without authorization or license from IV, has directly infringed, and continues to directly infringe, literally and/or by the doctrine of equivalents, individually and/or jointly, the '167 Patent, by utilizing, servicing, testing, distributing, and/or offering the Accused Systems and Services that infringe the '167 Patent, including but not limited to at least the Accused Systems and Services identified in the example charts incorporated, per paragraph 101 below, into this Count (collectively, "Example Chase Count V Systems and Services") that infringe at least the example claims of the '167 Patent identified in the charts

incorporated into this Count (the "Example '167 Patent Claims") literally or by the doctrine of equivalents.

93.     On information and belief, Chase has also infringed and continues to directly infringe, literally or under the doctrine of equivalents, the Example '167 Patent Claims, by internal testing and use of the Example Chase Count V Systems and Services.

94.     Chase has known that its infringement systems and services, such as the Example Chase Count V Systems and Services, cannot be used without infringing the technology claimed in the '167 Patent, and are not staple articles of commerce suitable for substantial non-infringing uses.

95.     **Willful Blindness.** Chase knew of the '167 Patent, or should have known of the '167 Patent, but was willfully blind to its existence.  Chase has had actual knowledge of the '167 Patent not later than receipt of a letter, dated November 14, 2023 and received on the same date. By the time of trial, Chase will have known and intended (since receiving such notice) that its continued actions would infringe and actively induce and contribute to the infringement of one or more claims of the '167 Patent.  *See* Exhibit 7 (Notice Letter).

96.     **Induced Infringement.** Chase has also contributed to and/or induced, and continues to contribute to and/or induce the infringement of the '167 Patent by contributing to and/or inducing its partners, vendors, merchants, customers, third-parties, and end users to use its systems and services, such as Example Chase Count V Systems and Services, in an infringing manner as described above, including encouraging and instructing its partners, vendors, merchants, customers, third-parties, and end-users to infringe the '167 Patent by providing instructions and tutorials regarding how to operate the Chase mobile banking application in an infringing manner, including via Chase websites and Chase mobile applications.

24

97.     Chase therefore actively, knowingly, and intentionally has committed, and continue to commit, affirmative acts that cause infringement, literally and/or by the doctrine of equivalents, of one or more claims of the '167 Patent with knowledge of the '167 Patent and knowledge that the induced acts constitute infringement of one or more claims of the '167 Patent. Chase has actively induced others, including, but not limited to, partners, vendors, customers, purchasers, developers, third-parties and/or end users who use the Example Chase Count V Systems and Services to infringe the '167 Patent, literally and/or by the doctrine of equivalents, throughout the United States, including within this District, by, among other things, advertising, promoting, and instructing the infringing use  of the Example Chase Count V Systems and Services.

98.     **Contributory Infringement.** Chase actively, knowingly, and intentionally has committed, and continues to commit contributory infringement, literally and/or by the doctrine of equivalents, by, *inter alia,* knowingly providing the Chase software application that when used, cause the direct infringement of one or more claims of the '167 Patent by its partners, vendors, merchants, customers, end-users, and/or a third-party, and which have no substantial non-infringing uses, or include a separate and distinct technology that is especially made or especially adapted for use in infringement of the '167 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

99.     Chase therefore actively, knowingly, and intentionally has been and continues to materially contribute to their partners', vendors', customers', purchasers', developers', third-parties' and end users' infringement of the '167 Patent, literally and/or by the doctrine of equivalents, by utilizing, servicing, testing, distributing, and/or offering the  Example Chase Count V Systems and Services for use in a manner that infringes one or more claims of the '167 Patent.

Example Chase Count V Systems and Services are especially made or adapted for infringing the '167 Patent and have no substantial non-infringing use.

100.    Exhibit 12 (claim charts) includes the Example Chase Count V Systems and Services and Example '167 Patent Claims. As set forth in these charts, the Example Chase Count V Systems and Services practice the technology claimed by the '167 Patent.  Accordingly, the Example Chase Count V Systems and Services incorporated in these charts satisfy all elements of the Example '167 Patent Claims.

101.    IV therefore incorporates by reference in its allegations herein the claim charts of Exhibit 12.

102.    IV is entitled to recover damages adequate to compensate for Chase's infringement of the '167 Patent and will continue to be damaged by such infringement. IV is entitled to recover damages from Chase to compensate it for Chase's infringement, as alleged above, in an amount measured by no less than a reasonable royalty under 35 U.S.C. § 284, as well as enhanced damages pursuant to 35 U.S.C. § 284.

103.    Further, Chase's infringement of IV's rights under the '167 Patent will continue to damage IV's business, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by the Court.

**COUNT VI**
(Chase's Infringement of U.S. Patent No. 7,949,785)

104.    IV incorporates paragraphs 1 through 103 herein by reference.

105.    **Direct Infringement.** Chase, without authorization or license from IV, has directly infringed, and continues to directly infringe, literally and/or by the doctrine of equivalents, individually and/or jointly, the '785 Patent, by utilizing, servicing, testing, distributing, and/or offering the Accused Systems and Services that infringe the '785 Patent, including but not limited

to at least the Accused Systems and Services identified in the example charts incorporated, per paragraph 114 below, into this Count (collectively, "Example Chase Count VI Systems and Services") that infringe at least the example claims of the '785 Patent identified in the charts incorporated into this Count (the "Example '785 Patent Claims") literally or by the doctrine of equivalents.

106.     On information and belief, Chase has also infringed and continues to directly infringe, literally or under the doctrine of equivalents, the Example '785 Patent Claims, by internal testing and use of the Example Chase Count VI Systems and Services.

107.     Chase has known that its infringement systems and services, such as the Example Chase Count VII Systems and Services, cannot be used without infringing the technology claimed in the '785 Patent, and are not staple articles of commerce suitable for substantial non-infringing uses.

108.     **Willful Blindness.** Chase knew of the '785 Patent, or should have known of the '785 Patent, but was willfully blind to its existence. Chase has had actual knowledge of the '785 Patent not later than receipt of a letter, dated November 14, 2023 and received on the same date. By the time of trial, Chase will have known and intended (since receiving such notice) that its continued actions would infringe and actively induce and contribute to the infringement of one or more claims of the '785 Patent. *See* Exhibit 7 (Notice Letter).

109.     **Induced Infringement.** Chase has also contributed to and/or induced, and continues to contribute to and/or induce the infringement of the '785 Patent by contributing to and/or inducing its partners, vendors, and/or third-parties to use  its systems and services, such as Example Chase Count VI Systems and Services, in an infringing manner as described above,

including encouraging and instructing its partners, vendors, and/or third-parties to infringe the '785 Patent.

110.     Chase therefore actively, knowingly, and intentionally has committed, and continue to commit, affirmative acts that cause infringement, literally and/or by the doctrine of equivalents, of one or more claims of the '785 Patent with knowledge of the '785 Patent and knowledge that the induced acts constitute infringement of one or more claims of the '785 Patent. Chase has actively induced others, including, but not limited to, partners, vendors, and/or third-parties who use the Example Chase Count VI Systems and Services to infringe the '785 Patent, literally and/or by the doctrine of equivalents, throughout the United States, including within this District, by, among other things, advertising, promoting, and instructing the infringing use of the Example Chase Count VI Systems and Services.

111.     **Contributory Infringement.** Chase actively, knowingly, and intentionally has committed, and continues to commit contributory infringement, literally and/or by the doctrine of equivalents, by, *inter alia,* knowingly providing software and technologies that when used, cause the direct infringement of one or more claims of the '785 Patent by its partners, vendors, and/or third-parties, and which have no substantial non-infringing uses, or include a separate and distinct technology that is especially made or especially adapted for use in infringement of the '785 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

112.     Chase therefore actively, knowingly, and intentionally has been and continues to materially contribute to their partners', vendors', and/or third-parties' infringement of the '785 Patent, literally and/or by the doctrine of equivalents, by utilizing, servicing, testing, distributing, and/or offering the  Example Chase Count VII Systems and Services for use in a manner that infringes one or more claims of the '785 Patent. Example Chase Count VI Systems and Services

are especially made or adapted for infringing the '785 Patent and have no substantial non-infringing use.

113.     Exhibit 13 (claim charts) includes the Example Chase Count VI Systems and Services and Example '785 Patent Claims. As set forth in these charts, the Example Chase Count VII Systems and Services practice the technology claimed by the '785 Patent. Accordingly, the Example Chase Count VI Systems and Services incorporated in these charts satisfy all elements of the Example '785 Patent Claims.

114.     IV therefore incorporates by reference in its allegations herein the claim charts of Exhibit 13.

115.     IV is entitled to recover damages adequate to compensate for Chase's infringement of the '785 Patent and will continue to be damaged by such infringement. IV is entitled to recover damages from Chase to compensate it for Chase's infringement, as alleged above, in an amount measured by no less than a reasonable royalty under 35 U.S.C. § 284, as well as enhanced damages pursuant to 35 U.S.C. § 284.

116.     Further, Chase's infringement of IV's rights under the '785 Patent will continue to damage IV's business, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by the Court.

## DEMAND FOR JURY TRIAL

117.     Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs respectfully request a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

A.     A judgment that the Patents-in-Suit are valid and enforceable;

B.   A judgment that Defendant directly infringes, contributorily infringes, and/or induces infringement of one or more claims of *each of* the Patents-in-Suit;

C.   A judgment that awards Plaintiffs all damages adequate to compensate them for Defendant's direct infringement, contributory infringement, and/or induced infringement, of the Patents-in-Suit, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

D.   A judgment that awards Plaintiffs all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement with respect to the Patents-in-Suit;

E.   A judgment that awards Plaintiffs all appropriate damages under 35 U.S.C. § 284 for Defendant's continuing or future infringement, up until the date such judgment is entered with respect to the Patents-in-Suit, including ongoing royalties, pre- and post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284;

F.   A judgment that this case is exceptional under 35 U.S.C. § 285;

G.   An accounting of all damages not presented at trial; and

H.   A judgment that awards Plaintiffs their costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by the Court.

Dated:  November 15, 2023

RESPECTFULLY SUBMITTED,

By:  */s/ Jonathan K. Waldrop*
*With permission by Allen F. Gardner*
Allen F. Gardner (TX Bar No. 24043679
allen@allengardnerlaw.com
**ALLEN GARDNER LAW, PLLC**
609 S. Fannin
Tyler, Texas 75701
Telephone: (903) 944-7537
Facsimile: (903) 944-7856

Jonathan K. Waldrop (CA Bar No. 297903)
(Admitted in this District)
jwaldrop@kasowitz.com
Darcy L. Jones (CA Bar No. 309474)
(Admitted in this District)
djones@kasowitz.com
ThucMinh Nguyen (CA Bar No. 304382)
(Admitted in this District)
tnguyen@kasowitz.com
John W. Downing (CA Bar No. 252850)
(Admitted in this District)
jdowning@kasowitz.com
Marcus A. Barber (CA Bar No. 307361)
(Admitted in this District)
mbarber@kasowitz.com
Heather S. Kim (CA Bar No. 277686)
(Admitted in this District)
hkim@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
333 Twin Dolphin Drive, Suite 200
Redwood Shores, California 94065
Telephone: (650) 453-5170
Facsimile: (650) 453-5171