IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC,<br><br>*Plaintiffs*,<br><br>v.<br><br>JP MORGAN CHASE & CO.,<br><br>*Defendant.* | C.A. No. 2:23-cv-523-JRG<br>**(Lead Case)** |
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC,<br><br>*Plaintiffs*,<br><br>v.<br><br>COMERICA INCORPORATED,<br><br>*Defendant.* | C.A. No. 2:23-cv-524-JRG<br>**(Member Case)**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' AND COUNTERCLAIM-DEFENDANTS' ANSWER TO DEFENDANT AND COUNTERCLAIM-PLAINTIFF'S ANSWER AND COUNTERCLAIMS TO PLAINTIFFS' COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs and Counterclaim-Defendants, Invention Investment Fund I, L.P., Invention Investment Fund II, LLC and Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively, "Plaintiffs" or "Counterclaim-Defendants), by and through its counsel hereby submits its Answer in response to the allegations set forth in Defendants and Counterclaim-Plaintiff Comerica Incorporated, ("Comerica") Counterclaims ("Counterclaims") as follows:

1

## GENERAL DENIAL

Unless specifically admitted below, IV denies each and every allegation in the Counterclaims.

## NATURE OF THE ACTION

1. IV admits that IV asserted infringement by Comerica of U.S. Patent Nos. 8,332,844 ("the '844 Patent"), 8,407,722 ("the '722 Patent"), 7,712,080 ("the '080 Patent"), and 7,949,785 ("the '785 Patent"). Except as expressly admitted, IV denies the remaining allegations of paragraph 1.

2. IV admits to the allegations of paragraph 2 on information and belief.

3. IV admits to the allegations of paragraph 3 on information and belief.

4. IV admits to the allegations of paragraph 4 on information and belief.

## THE PARTIES

5. IV admits to the allegations of paragraph 5 on information and belief.

6. IV admits to the allegations of paragraph 6 on information and belief.

7. IV admits to the allegations of paragraph 7 on information and belief.

## JURISDICTION AND VENUE

8. IV admits that the Counterclaims purport to arise under the patent laws of the United States. IV admits that this Court has subject matter jurisdiction over the Counterclaims. Except as expressly admitted, IV denies the remaining allegations of paragraph 8.

9. IV admits that it is subject to personal jurisdiction in this Court. Except as expressly admitted, IV denies the remaining allegations of paragraph 9.

10. IV admits that venue is proper in this District. Except as expressly admitted, IV denies the remaining allegations of paragraph 10.

## FIRST COUNTERCLAIM
**(Declaratory Judgment of Invalidity of the '844 Patent)**

11. IV restates and incorporates by reference the foregoing paragraphs of this Answer as if fully set forth herein.

12. IV denies the allegations of paragraph 12.

13. IV admits that a justiciable controversy exists between IV and Comerica. Except as expressly admitted, IV denies the remaining allegations of paragraph 13.

14. IV admits that Comerica requested, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., the Court's declaration that the claims of the '844 Patent are invalid. IV denies that such relief is appropriate. Except as expressly admitted, IV denies the remaining allegations of paragraph 14.

## SECOND COUNTERCLAIM
**(Declaratory Judgment of Non-Infringement of the '844 Patent)**

15. IV restates and incorporates by reference the foregoing paragraphs of this Answer as if fully set forth herein.

16. IV denies the allegations of paragraph 16.

17. IV admits that a justiciable controversy exists between IV and Comerica. Except as expressly admitted, IV denies the remaining allegations of paragraph 17.

18. IV denies the allegations of paragraph 18.

19. IV denies the allegations of paragraph 19.

## THIRD COUNTERCLAIM
**(Declaratory Judgment of Invalidity of the '722 Patent)**

20. IV restates and incorporates by reference the foregoing paragraphs of this Answer as if fully set forth herein.

21. IV denies the allegations of paragraph 21.

22. IV admits that a justiciable controversy exists between IV and Comerica. Except as expressly admitted, IV denies the remaining allegations of paragraph 22.

23. IV admits that Comerica requested, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., the Court's declaration that the claims of the '722 Patent are invalid. IV denies that such relief is appropriate. Except as expressly admitted, IV denies the remaining allegations of paragraph 23.

## FOURTH COUNTERCLAIM
**(Declaratory Judgment of Non-Infringement of the '722 Patent)**

24. IV restates and incorporates by reference the foregoing paragraphs of this Answer as if fully set forth herein.

25. IV denies the allegations of paragraph 25.

26. IV admits that a justiciable controversy exists between IV and Comerica. Except as expressly admitted, IV denies the remaining allegations of paragraph 26.

27. IV denies the allegations of paragraph 27.

28. IV denies the allegations of paragraph 28.

## FIFTH COUNTERCLAIM
**(Declaratory Judgment of Invalidity of the '080 Patent)**

29. IV restates and incorporates by reference the foregoing paragraphs of this Answer as if fully set forth herein.

30. IV denies the allegations of paragraph 30.

31. IV admits that a justiciable controversy exists between IV and Comerica. Except as expressly admitted, IV denies the remaining allegations of paragraph 31.

32. IV admits that Comerica requested, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., the Court's declaration that the claims of the '080 Patent are invalid. IV denies that such relief is appropriate. Except as expressly admitted, IV denies the remaining allegations of paragraph 32.

## SIXTH COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '080 Patent)

33. IV restates and incorporates by reference the foregoing paragraphs of this Answer as if fully set forth herein.

34. IV denies the allegations of paragraph 34.

35. IV admits that a justiciable controversy exists between IV and Comerica. Except as expressly admitted, IV denies the remaining allegations of paragraph 35.

36. IV denies the allegations of paragraph 36.

37. IV denies the allegations of paragraph 37.

## SEVENTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '785 Patent)

38. IV restates and incorporates by reference the foregoing paragraphs of this Answer as if fully set forth herein.

39. IV denies the allegations of paragraph 39.

40. IV admits that a justiciable controversy exists between IV and Comerica. Except as expressly admitted, IV denies the remaining allegations of paragraph 40.

41. IV admits that Comerica requested, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., the Court's declaration that the claims of the '785 Patent are invalid. IV denies that such relief is appropriate. Except as expressly admitted, IV denies the remaining allegations of paragraph 41.

## EIGHTH COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '785 Patent)

42. IV restates and incorporates by reference the foregoing paragraphs of this Answer as if fully set forth herein.

43. IV denies the allegations of paragraph 43.

44. IV admits that a justiciable controversy exists between IV and Comerica. Except as expressly admitted, IV denies the remaining allegations of paragraph 44.

45. IV denies the allegations of paragraph 45.

46. IV denies the allegations of paragraph 46.

## NINTH COUNTERCLAIM
### (Exceptional Case Pursuant to 35 U.S.C § 285)

47. IV restates and incorporates by reference the foregoing paragraphs of this Answer as if fully set forth herein.

48. IV denies the allegations of paragraph 48.

## PRAYER FOR RELIEF

IV hereby incorporates by reference the foregoing paragraphs of this Answer as if fully set forth herein. IV denies that Comerica is entitled to the relief requested in paragraphs A-F of its Prayer for Relief and denies the allegations therein.

## JURY DEMAND

IV demands a jury trial on all issues raised by Comerica Counterclaims.

| | |
|---|---|
| Dated: March 8, 2024 | RESPECTFULLY SUBMITTED,<br><br>By: /s/ Jonathan K. Waldrop<br>Jonathan K. Waldrop (CA Bar No. 297903)<br>(Admitted in this District)<br>jwaldrop@kasowitz.com<br>Darcy L. Jones (CA Bar No. 309474)<br>(Admitted in this District)<br>djones@kasowitz.com<br>ThucMinh Nguyen (CA Bar No. 304382)<br>(Admitted in this District)<br>tnguyen@kasowitz.com<br>John W. Downing (CA Bar No. 252850)<br>(Admitted in this District)<br>jdowning@kasowitz.com<br>Marcus A. Barber (CA Bar No. 307361)<br>(Admitted in this District)<br>mbarber@kasowitz.com<br>Heather S. Kim (CA Bar No. 277686)<br>(Admitted in this District)<br>hkim@kasowitz.com<br>**KASOWITZ BENSON TORRES LLP**<br>333 Twin Dolphin Drive, Suite 200<br>Redwood Shores, California 94065<br>Telephone: (650) 453-5170<br>Facsimile: (650) 453-5171<br><br>Allen F. Gardner (TX Bar No. 24043679)<br>allen@allengardnerlaw.com<br>**ALLEN GARDNER LAW, PLLC**<br>609 S. Fannin<br>Tyler, Texas 75701<br>Telephone: (903) 944-7537<br>Facsimile: (903) 944-7856 |

**CERTIFICATE OF SERVICE**

      The undersigned certifies that a copy of the foregoing document was served on all parties who have appeared in this case on March 8, 2024, via the Court's CM/ECF system.

                                                          /s/ Jonathan K. Waldrop
                                                          Jonathan K. Waldrop