IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **INTELLECTUAL VENTURES I LLC**, *et al*, <br><br> *Plaintiffs*, <br><br> v. <br><br> **JP MORGAN CHASE & CO.**, <br><br> *Defendants* | C.A. No. 2:23-cv-00523-JRG <br> (Lead Case) |
| **INTELLECTUAL VENTURES I LLC**, *et al*, <br><br> *Plaintiffs*, <br><br> v. <br><br> **COMERICA INCORPORATED,** <br><br> *Defendant* | C.A. No. 2:23-cv-00524-JRG <br> (Member Case) |
| **INTELLECTUAL VENTURES I LLC** *et al*, <br><br> *Plaintiffs*, <br><br> v. <br><br> **LIBERTY MUTUAL HOLDING COMPANY INC.**, *et. al*, <br><br> *Defendants*. | C.A. No. 2:23-cv-525-JRG <br> (Member Case) |

**JOINT MOTION TO AMEND THE
<u>SECOND AMENDED DOCKET CONTROL ORDER</u>**

Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC ("<u>Plaintiffs</u>" or "<u>IV</u>") and Defendants Liberty Mutual Holding Company Inc., Liberty Mutual Insurance Company, Liberty Mutual Group Inc., Liberty Mutual Plano LLC, Liberty Mutual Technology Group, Inc., Comparion Insurance Agency LLC, and Ironshore Holdings (US) Inc. ("<u>Liberty Mutual</u>") and Defendant

1

Comerica Incorporated ("Comerica") (collectively, "Defendants") (together, the "Parties") respectfully jointly move to amend certain deadlines in the Second Amended Docket Control Order ("Second DCO") (Dtk. 73) for good cause shown as explained below.

## I. BACKGROUND

This case was filed on November 15, 2023, and involves four unrelated Asserted Patents[1] that are asserted against two distinct sets of Defendants and four separate categories of cloud software products called "Docker," "Kafka," "Spark," and "Kubernetes" (collectively, "Accused Products").

The Second DCO is the currently operative case scheduling order. The parties complied with the dates in the Second DCO up to October 8, 2024, which was the deadline under P.R. 4-2 to exchange preliminary proposed claim constructions. Defendants believed it was not possible to exchange P.R. 4-2 preliminary proposed claim constructions on the original due date because IV had not yet served IV's source code infringement contentions as required by the First Amended Discovery Order (Dkt. 72) at ¶3(a)(i) (source code infringement contentions due 75 days after source code produced). IV believed, as discussed further below, that IV's source code infringement contentions were not yet due because of difficulties IV had accessing and reviewing source code. In view of upcoming claim construction deadlines and to avoid a dispute over the timing of access to source code, the parties conferred and agreed to move the claim construction deadlines so that each side would have the benefit of receiving parties' amended contentions.

On October 8, 2024, Defendants filed an unopposed motion to temporarily continue the P.R. 4-2 deadline and to allow the parties to submit a proposed Third DCO and any disputes concerning

---

[1] U.S. Patent Nos. 8,332,844 ("844 Patent"), 8,407,722 ("722 Patent"), 7,712,080 ("080 Patent") and 7,949,785 ("785 Patent") (collectively, "Asserted Patents").

2

the proposed due dates for the Third DCO. *See* Dkt. 82. The Court granted Defendants' motion and noted the Court would consider a proposed Third DCO if submitted. *See* Dkt. 85.

As of October 11, 2024, the parties were still conferring about a proposed Third DCO. Defendants were ready to submit a joint statement as they previously advised the Court, but IV requested more time to confer because IV determined that IV could not provide IV's source code infringement contentions by October 11, 2024 as IV previously anticipated.

## II.     GOOD CAUSE TO AMENDED THE SECOND DCO

The parties have further conferred and agree on proposed amended due dates for all of the dates in the proposed Third DCO. *See* attached Proposed Third DCO. The parties' proposed Third DCO modifies case deadlines to allow for source code contentions to be exchanged and adjusts the remaining dates accordingly, but with appropriate modifications for dates landing on or near holidays (e.g., a deadline falling on July 4th was adjusted). The agreed upon modifications move the current trial date by 119 days.

Good cause exists to modify the Second DCO as jointly requested by the parties. The schedule adjustments the parties jointly propose are appropriate, reasonable, and necessary to avoid prejudice. This case involves two distinct sets of Defendants, four Asserted Patents from different patent families, and Accused Products involving four different sets of technologies. The technology at issue involves backend cloud infrastructure software called "Docker" (e.g., containers for running software in the cloud), "Kubernetes" (e.g., software to orchestrate starting, stopping, managing, etc. the containers, including distinct networking aspects of container platforms), "Kafka" (e.g., event streaming), and "Spark" (e.g., parallel computing). Each Accused Product involves open-source software and multiple distinct implementations (i.e., the Accused Products involve multiple distinct implementations of Docker).

The current state of document and source code discovery and analysis supports the parties' joint request. Although the parties have been diligently working on discovery, including exchanging contentions, written discovery, document production, source code review, subpoenas to third party inventors, unanticipated difficulties prevented IV from completing its source code review and serving its source code infringement contentions more quickly. The code review was on a shared digital review platform and there were difficulties installing necessary tools and extracting and reviewing large volumes of code. IV believes that, based on the timing of Defendants' source code production and because of the time it took IV to be able to access and review the code, the appropriate deadline for IV to produce source code contentions is November 5, 2024, and IV anticipates it will be able to serve IV's source code contentions by that date. Defendants do not agree with IV's position on the timing of access to or review of source code, but Defendants are willing to set that timing issue aside for the moment because Defendants need IV's source code infringement contentions to be able to begin the claim construction process.

The P.R., operative Second DCO, and First Amended Discovery Order all contemplate that the parties will exchange infringement and invalidity contentions before the claim construction process begins. *See, e.g.*, P.R. 3-1 to 3-4 and 4-1 to 4-6; Second DCO; First Amended Discovery Order at ¶3(a)(i)-(ii). The exchange of these contentions ensures that the parties will be fully apprised of the infringement and invalidity positions before claim construction and promotes efficiency by allowing the claim construction process to focus on the terms that are relevant to the dispute.

The scheduling adjustments the parties jointly propose reset the case schedule to put contentions and claim construction back onto the track, as contemplated by the rules. The remaining

dates in the case schedule are then adjusted in accordance with the P.R., Model Order,[2] the Second DCO, and structure of the Court's scheduling orders in patent cases,[3] with modifications for dates landing on or near holidays and one exception. The exception is that the parties jointly propose a 21-day period for expert depositions, instead of the 14 day-period previously set in the Second DCO, to accommodate potentially multiple experts for multiple patents for both parties, and because there is no buffer time between rebuttal expert reports and expert depositions.

The parties believe the scheduling adjustment they propose is modest and is warranted by good cause. A more limited extension would prejudice both parties by not allowing them time permitted by the rules after contentions are exchanged to complete analysis, claim construction, fact discovery, and expert discovery. *See, e.g.*, P.R. 3-1 to 3-4 and 4-1 to 4-6; First Amended Discovery Order at ¶3(a)(i)-(ii); Model Order ¶3 & Cmt. p. 4-5, #5.

### III. CONCLUSION

The parties do not make this motion for purposes of delay, but for good cause as stated above. A proposed version of the Third DCO is attached.

Dated: October 16, 2024                                           RESPECTFULLY SUBMITTED,

By: /s/ *Joshua D. Curry*  
Joshua D. Curry – Lead Attorney  
Georgia Bar No. 117378  
(Admitted in this District)  
Lewis Brisbois Bisgaard Smith LLP  
600 Peachtree St. NE, Suite 4700  
Atlanta, GA 30308  
Ph: 404.348.8585  
Fax: 404.467.8845  
Email: josh.curry@lewisbrisbois.com

By: /s/ *Jonathan K. Waldrop*  
Jonathan K. Waldrop (CA Bar No. 297903) – Lead Attorney  
(Admitted in this District)  
jwaldrop@kasowitz.com  
Darcy L. Jones (CA Bar No. 309474)  
(Admitted in this District)  
djones@kasowitz.com  
ThucMinh Nguyen (CA Bar No. 304382)  
(Admitted in this District)

---

[2] General Order No. 13-20 Adopting Model Order Focusing Patent Claims and Prior Art to Reduce Costs ("Model Order").

[3] *See, e.g.*, Judge Gilstrap's Form Docket Control Order, *available at* https://www.txed.uscourts.gov/sites/default/files/judgeFiles/Patent%20Model%20Docket%20Control%20Order_Updated.docx

| | |
|---|---|
| Amber R. Pickett<br>Texas Bar No. 24058046<br>Lewis Brisbois Bisgaard Smith LLP<br>2100 Ross Avenue, Suite 2000<br>Dallas, Texas 75201<br>Telephone: (214) 722-7100<br>Facsimile: (214) 722-7111<br>Email: amber.pickett@lewisbrisbois.com<br><br>***Attorneys for Defendants Liberty Mutual Holding Company Inc., Liberty Mutual Insurance Company, Liberty Mutual Group Inc., Liberty Mutual Plano LLC, Liberty Mutual Technology Group, Inc., Comparion Insurance Agency LLC, and Ironshore Holdings (U.S.) Inc.***<br><br>*– and –*<br><br>***Defendant Comerica Incorporated*** | tnguyen@kasowitz.com<br>John W. Downing (CA Bar No. 252850)<br>(Admitted in this District)<br>jdowning@kasowitz.com<br>Marcus A. Barber (CA Bar No. 307361)<br>(Admitted in this District)<br>mbarber@kasowitz.com<br>Heather S. Kim (CA Bar No. 277686)<br>(Admitted in this District)<br>hkim@kasowitz.com<br>**KASOWITZ BENSON TORRES LLP**<br>333 Twin Dolphin Drive, Suite 200<br>Redwood Shores, California 94065<br>Telephone: (650) 453-5170<br>Facsimile: (650) 453-5171<br><br>Allen F. Gardner (TX Bar No. 24043679)<br>allen@allengardnerlaw.com<br>**ALLEN GARDNER LAW, PLLC**<br>609 S. Fannin<br>Tyler, Texas 75701<br>Telephone: (903) 944-7537<br>Facsimile: (903) 944-7856<br><br>***Attorneys for Plaintiffs*** |

## CERTIFICATE OF CONFERENCE

The undersigned certifies that Jonathan K. Waldrop, John W. Downing, Darcy L. Jones, and Allen F. Gardner, counsel for Plaintiffs, conferred with Joshua D. Curry and Meleah Skillern, counsel for Defendants, via telephone and electronic mail concerning the relief requested in this motion. The parties have agreed to jointly file this motion.

/s/ *Joshua D. Curry*
Joshua D. Curry

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document with any attachments was served on all parties via the Court's CM/ECF system.

/s/ *Joshua D. Curry*
Joshua D. Curry